IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOYCE ASBERRY**                                                                          **PLAINTIFF**

v.                                            Case No 4:21-CV-00875-LPR

**LITTLE ROCK SCHOOL DISTRICT**                                              **DEFENDANT**

**ORDER**

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment.[1] Plaintiff seeks summary judgment on her claim under Arkansas's Teacher Fair Dismissal Act (TFDA). Defendant seeks summary judgment on all of Plaintiff's claims. The Court intends to hold a summary-judgment hearing in early August.[2] But before that, the Court believes it can clear out some underbrush.

First, in Plaintiff's Reply in Support of Her Motion for Partial Summary Judgment and Response to Defendant's Counter-Motion for Summary Judgment, Plaintiff makes clear that she is abandoning all of her claims except for (1) the TFDA claim and (2) a disparate-impact claim under the federal Age Discrimination in Employment Act (ADEA).[3] Accordingly, on all other claims brought by Plaintiff, summary judgment is granted in favor of Defendant. Judgment on those claims will be entered at the end of the case.

---

[1] Pl.'s Mot. for Partial Summ. J. (Doc. 18); Def.'s Resp. to Pl.'s Mot. for Partial Summ. J. and Countercl. for Summ. J. (Doc. 31).

[2] *See* Order (Doc. 43).

[3] *See* Doc. 39 at 9 ("Asberry abandons her discrimination claims for race, sex, disability, and FMLA status. However, uncontroverted facts demonstrate that Asberry was a victim of a facially neutral policy or practice . . . that resulted in an adverse impact on older teachers in the District, in violation of the [ADEA]."); *id.* at 16 (arguing, in conclusion, that "LRSD violated [the] TFDA" and also that "Asberry has satisfied her burden of proof on all elements of her prima facie case under [the] ADEA for her disparate impact age discrimination claim").

Second, the Court believes it appropriate, in the fairly unique circumstances of this case, to decline supplemental jurisdiction over the TFDA claim.  This is not a decision lightly made.  Congress, through 28 U.S.C. § 1367, has granted this Court supplemental jurisdiction over the claim.  And when Congress vests a federal court with jurisdiction, there is typically a duty to exercise that jurisdiction.[4]  Like most other legal rules, however, this one has exceptions.  In § 1367(c), Congress codified four grounds on which a district court "may decline to exercise supplemental jurisdiction":

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[5]

Two of these exceptions apply here and, when considered together, counsel in favor of declining supplemental jurisdiction.

The TFDA claim presents "a novel or complex issue of State law."  Both sides agree that neither the Arkansas Supreme Court nor the Arkansas Court of Appeals has interpreted the statutory provision at issue.  And both sides point to very recent, directly opposing decisions from the state trial courts: two coming down on each side of the question.[6]  The novelty and complexity of the issue is an adequate ground on its own to decline supplemental jurisdiction.[7]  But there's

---

[4] *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

[5] *See* 28 U.S.C. § 1367(c).

[6] *See* Docs. 31-1, 39-1, 39-2, 42-1.

[7] *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287–88 (8th Cir. 1998); *see Int'l Ass'n of Firefighters of St. Louis v. City of Ferguson*, 283 F.3d 969, 976 (8th Cir. 2002) (noting that novelty or complexity of state law is an adequate ground, on its own, to support dismissal); *see also Starkey v. Amber Enters.*,

more.  With respect to the TFDA, the state of Arkansas has unmistakably expressed a strong desire for the state trial courts to be the exclusive forum for a teacher aggrieved by termination or non-renewal of a contract.[8]  Principles of comity and federalism dictate deferring to Arkansas's desire, especially when the sole remaining federal issue—an ADEA disparate-impact claim—does not hinge on the success or failure of the TFDA claim.

For the foregoing reasons, the TFDA claim is dismissed without prejudice.  If Plaintiff requests a Rule 54(b) partial judgment on the TFDA claim (so that she can immediately proceed on that claim in state court), the Court will be inclined to grant it.[9]

IT IS SO ORDERED this 20th day of June 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

987 F.3d 758, 766 (8th Cir. 2021); *EEOC v. Con-Way Freight, Inc.*, 622 F.3d 933, 938 (8th Cir. 2010); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 477 (8th Cir. 2009).

[8] *See* Ark. Code Ann. § 6-17-1510(d)(2) ("The exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board of directors shall be an appeal therefrom to the circuit court of the county in which the school district is located . . . .").

[9] Plaintiff will not be prejudiced by this dismissal.  To the extent her TFDA claim was properly brought in this action, she has anywhere from thirty days to one year to assert the TFDA claim in Arkansas state court.  *See* 28 U.S.C. § 1367(d) (providing for a thirty-day tolling of the state-law statute of limitations unless state law provides for a longer period of time); Ark. Code Ann. § 16-56-126(a)(1) (giving a plaintiff who "suffers a nonsuit" one year to refile the action); *Oxford v. Perry*, 340 Ark. 577, 582–83, 13 S.W.3d 567, 570 (2000) (stating that § 16-56-126 covers a "dismissal without prejudice when the statute-of-limitations would otherwise bar the suit").