IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOYCE ASBERRY**                                                                                                    **PLAINTIFF**

v.                                    **Case No. 4:21-CV-00875-LPR**

**LITTLE ROCK SCHOOL DISTRICT**                                              **DEFENDANT**

<u>**ORDER**</u>

On June 20, 2023, the Court entered an Order dismissing Plaintiff Joyce Asberry's claim arising under Arkansas's Teacher Fair Dismissal Act.[1] In that Order, the Court noted that it would be inclined to grant a motion for a partial judgment under Federal Rule of Civil Procedure 54(b) so that Ms. Asberry may immediately proceed with the TFDA claim in Arkansas state court. Ms. Asberry has now moved for a Rule 54(b) partial judgment.[2] Defendant Little Rock School District does not oppose the Motion.[3]

A district court "may direct entry of a final judgment as to one or more, but fewer than all, claims" in a case "if the court expressly determines that there is no just reason for delay."[4] Delaying final judgment as to the TFDA claim—and, by extension, delaying Ms. Asberry's ability to commence her TFDA action in state court—would serve no discernable purpose. The TFDA claim has no legally meaningful overlap with the live issues still pending before this Court. So

---

[1] Doc. 44.

[2] Pl.'s Mot. for Partial J. (Doc. 45).

[3] Def.'s Resp. to Pl.'s Mot. for Partial J. (Doc. 46).

[4] Fed. R. Civ. P. 54(b). Although the Eighth Circuit has articulated a multi-factor test for deciding whether to issue a Rule 54(b) judgment, that framework is designed to determine whether a party should be able to take an immediate appeal within the federal court system. *See Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585–86 (8th Cir. 2016). Here, Ms. Asberry does not seek a Rule 54(b) judgment on the TFDA claim so that she may take an appeal to the Eighth Circuit. Ms. Asberry wants an immediate final judgment on the TFDA claim so that she may go to state court with that particular claim right now, instead of waiting for a final resolution of the legally distinct federal issues still pending in the instant case. *See* Pl.'s Mot. for Partial J. (Doc. 45) ¶ 4. In such circumstances, the Court does not feel the need to work through each *Downing* factor or some type of equivalent.

there's no cause for concern that this Court's resolution of the federal issues will impact the state court's resolution of the TFDA claim, and vice versa. Accordingly, the Court GRANTS Ms. Asberry's Motion for Partial Judgment.[5] The Court will enter a partial judgment dismissing the TFDA claim—and only that claim—without prejudice.[6]

      IT IS SO ORDERED this 20th day of July 2023.

                                                                         _____
                                                                          LEE P. RUDOFSKY
                                                                          UNITED STATES DISTRICT JUDGE

---

[5] *See* Doc. 45.

[6] In its June 20, 2023 Order, the Court also announced its decision to dismiss a number of other claims that Ms. Asberry expressly abandoned in her summary-judgment response. *See* Order (Doc. 44) at 1. Formal dismissal of those abandoned claims will still have to await the final judgment at the end of this case. The partial judgment to be entered today will dismiss *only* the state law TFDA claim that Ms. Asberry wants to pursue in Arkansas state court.